UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINA PUENTE, ) | |
| ) | |
| Plaintiff, ) | Case: 1:25-cv-04570 |
| ) | |
| v. ) | |
| ) | |
| GARDAWORLD FEDERAL SERVICES, ) | |
| LLC, ) | Jury Trial Demanded |
| ) | |
| Defendant. ) | |

# COMPLAINT

Plaintiff, Christina Puente, ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against GardaWorld Federal Services, LLC ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), seeking redress for Defendants sex-based discrimination, and retaliation under Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent have been fulfilled or been complied with.

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7. This Complaint has been filed within ninety (90) days of his receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff, Christina Puente, resides in Randall County, Texas.

9. At all times material to the allegations in this Complaint, Defendant, GardaWorld Federal Services, LLC is a limited liability company doing business in Chicago, Illinois with its headquarters located at 1760 Old Meadow Road, Suite 400, McLean, VA 22102, and its registered agent at 801 Adlai Stevenson Drive, Springfield, IL 62703.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

12. Plaintiff was hired by Defendant in or around January 2024 as a Assistant Site Supervisor and was later promoted to Site Captain, a role she remained in until her unlawful termination on or around September 25, 2024.

13. By way of a contract with the Illinois Department of Human Services, Defendant provides services to at least three shelters in Chicago, Illinois.

14. Plaintiff worked at the Chicago, Illinois locations as part of her employment with Defendant.

15. Since at least March 2024 through September 25, 2024, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of sex, violating Title VII.

16. Additionally, Defendant retaliated against Plaintiff by terminating her employment for engaging in protected activity.

17. Plaintiff is female and is a member of a protected class because of her sex whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

18. During Plaintiff's interview, Walter (LNU) conducted it, and Plaintiff was transparent about having two pending EEOC charges against her former employers, including the Chicago Department of Family and Support Services (DFSS), a client of Defendant.

19. During the interview, Plaintiff notified Walter that she had reported her former employers to the EEOC for sex-based harassment, discrimination and retaliation.

20. Thus, at all times material, Defendant knew that Plaintiff had engaged in protected activity by reporting her former employer to the EEOC.

21. After the interview, Plaintiff was hired and later promoted to Site Supervisor.

22. However, instead of being promoted to Program Manager, Plaintiff was given the title of Site Captain because the role of Program Manager would have required Plaintiff to work closely with DFSS.

23. In effect, Defendant refused to promote Plaintiff despite her ample qualifications because she had engaged in protected activity and filed a claim with the EEOC against DFFS.

24. In or around March 2024, DFSS filed a complaint against Plaintiff, claiming that she was disrespectful and rude.

25. Walter was present and affirmed that DFSS was lying.

26. Plaintiff reminded Walter that DFSS had just received an EEOC charge against them, which is why they were retaliating against Plaintiff.

27. Walter responded by saying, "They made it very clear they don't want you here. Just lay low."

28. Around the same time, despite Walter acknowledging that the complaints against Plaintiff were fabricated, HR nevertheless issued a warning to Plaintiff.

29. In or around September 2024, leadership attended dinners and cocktail events.

30. Two site supervisors under Plaintiff's supervision purchased a sign that read "Fuck NewLife"—a partner of the company—and posted it on social media.

31. When Plaintiff became aware of this, she immediately notified Walter to give him a heads-up and informed him that Miguel Lopez, one of the supervisors, had posted it online.

32. Hours later, on or about September 21, 2024, Plaintiff was placed on administrative leave.

33. Despite these site supervisors also being subordinates of Lopez (male), he faced no disciplinary action for the incident, demonstrating that Plaintiff was treated differently for similar conduct.

34. Shortly thereafter, Walter told Plaintiff, "It's not a good look for DFSS. We don't know if the state is going to extend us. I don't know if Garda is going to keep you on."

35. On or about September 25, 2024, Plaintiff was subsequently placed on the do-not-return list, and terminated.

36. Plaintiff met or exceed Defendant's performance expectations during the entire duration of their employment.

37. Plaintiff was unlawfully terminated because of her sex, (female) on September 25, 2024.

38. Plaintiff was retaliated against, and her employment was ultimately terminated for opposing unlawful discrimination and for exercising her protected rights.

39. Plaintiff opposed the sex-based discrimination to Defendant.

40. Plaintiff was targeted for termination because of their sex.

41. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

42. There is a basis for employer liability for the sex-based discrimination that Plaintiff was subjected to.

43. Plaintiff can show that their engaged in statutorily protected activity –a necessary component of their retaliation claim- because Plaintiff lodged complaints directly to their manager about the discrimination.

44. The purported justification for termination was pretext for unlawful discrimination and retaliation.

### COUNT I
**Violation of Title VII of the Civil Rights Act of 1964**
**(Sex-Based Discrimination)**

45. Plaintiff repeats and re-alleges paragraphs 1-44 as if fully stated herein.

46. By virtue of the conduct alleged herein, Defendant intentionally discriminated

against Plaintiff based on Plaintiff's sex, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

47. Plaintiff met or exceeded performance expectations.

48. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

49. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

50. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

51. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

52. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of The Civil Rights Act of 1964
### (Retaliation)

53. Plaintiff repeats and re-alleges paragraphs 1-44 as if fully stated herein.

54. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

55. During Plaintiff's employment with Defendant, Plaintiff disclosed that she engaged in protected activity in reporting sex-based harassment, discrimination, and retaliation to the EEOC.

56. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

57. In response to Plaintiff's complaint, Defendant retaliated against Plaintiff by refusing to promote her and ultimately terminating her employment.

58. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

59. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the sex-based discrimination or harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

60. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

61. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Compensatory and punitive damages;

    d. Reasonable attorneys' fees and costs;

    e. Award pre-judgment interest if applicable; and

    f. Award Plaintiff any and all other such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 28th day of April 2025.

> **/s/** *Travis P. Lampert*
> **TRAVIS P. LAMPERT, ESQ.**
> **SULAIMAN LAW GROUP LTD.**
> 2500 S. Highland Avenue, Suite 200
> Lombard, Illinois 60148
> Phone (630) 581-5456
> Fax (630) 575-8188
> tlampert@sulaimanlaw.com
> *Attorney for Plaintiff*